IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ED BRADY** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| **v.** | : | **NO. 16-0725** |
| | : | |
| **JACK SOMMERS,** *et al.* | : | |
| *Respondents* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                   AUGUST 1, 2016

## MEMORANDUM OPINION

**INTRODUCTION**

On February 16, 2016, Petitioner Ed Brady ("Petitioner"), a state prisoner incarcerated in the State Correctional Institution in Waymart, Pennsylvania, filed a counseled petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, and asserted that his federal constitutional rights were violated when: (1) counsel ineffectively advised him to enter a guilty plea when there was evidence and witnesses who could have established his innocence; (2) counsel pressured him to immediately plead guilty based on a witness's statement; and (3) the state courts dismissed his claim that counsel was constitutionally ineffective for having waived his right to be present during the Sexually Violent Predator ("SVP") evaluation and determined that his claim was not cognizable under Pennsylvania's Post-Conviction Relief Act ("PCRA"). [ECF 1]. Petitioner further averred that he is entitled to relief because the cumulative prejudice resulting from these errors violated his constitutional right to due process. Pursuant to 28 U.S.C. § 636(b) and by Order dated February 19, 2016, the petition was referred to United States Magistrate Judge Timothy R. Rice, for a *Report and Recommendation* ("R&R"). [ECF 2]. On May 10, 2016, the Magistrate Judge issued a R&R, proposing that the petition for a writ of *habeas corpus* be denied as meritless. [ECF 6]. On May 23, 2016, Petitioner filed timely objections to the R&R. [ECF

8]. This matter is now ripe for a *de novo* determination of any proposed finding and/or recommendation to which an objection was made.

After a thorough and independent *de novo* review of the record and court filings, for the reasons stated herein, this Court overrules Petitioner's objections, approves and adopts the R&R, and denies the petition for a writ of *habeas corpus*.

## BACKGROUND

The factual background and procedural history underlying Petitioner's request for *habeas* relief are aptly summarized in the R&R submitted by the Magistrate Judge as follows:

> In July 2004, 13-year old K.L.S. met 35-year old Petitioner at a party. From 2004-2005, K.L.S. cleaned Petitioner's mobile home. During each of her visits to Petitioner's home, K.L.S. performed sexual acts with Petitioner in exchange for marijuana and alcohol. In 2012, K.L.S. reported to the police that Petitioner sexually assaulted her throughout 2004 and 2005. In June 2012, police intercepted two conversations between Petitioner and K.L.S. during which Petitioner admitted to the sexual acts. Petitioner was then arrested.
>
> Before deciding to plead guilty, Petitioner had been offered a series of guilty plea offers: 15-to-30 years imprisonment, 10-to-20 years, and 5-to-10 years, respectively. On the day of the trial, Petitioner was offered a plea deal for three-and-one-half-to-seven years. He accepted, and on September 17, 2013, while represented by counsel, and after an extensive colloquy, Petitioner pled guilty to two counts of involuntary deviate sexual intercourse and one count of statutory sexual assault. During his guilty plea colloquy, Petitioner affirmed that he had: (1) committed the charged crimes; (2) engaged in "full, open and frank discussion" with his trial counsel about the case; (3) reviewed the written guilty plea colloquy with counsel; (4) been given adequate time to reach a decision; and (5) not been forced or coerced to plead guilty. Notes of Testimony ("N.T.") 9/31/13 at 6-11. On September 31, 2013, Petitioner was sentenced to concurrent sentences of three-and-one-half-to-seven years imprisonment and a consecutive sentence of ten years' probation. The trial court also ordered an SVP evaluation, in which Petitioner did not participate. Petitioner was determined to be a SVP.
>
> Petitioner did not file a direct appeal, but instead, on August 1, 2014, filed a *pro se* petition pursuant to Pennsylvania's PCRA, 42 Pa. C.S. § 9541. During the January 23, 2015 evidentiary hearing, Petitioner alleged K.L.S. did not clean his home until 2008, when she was 18 years old. Petitioner had various note pads, which he used to communicate with visitors, that he believed could show that K.L.S. had cleaned his home in 2008, and that another woman was cleaning for

him from 2000 to 2006. N.T. 1/23/15 at 83-85. Following the hearing, the PCRA court dismissed the PCRA petition on January 26, 2015. The PCRA court found that Petitioner had voluntarily and knowingly pleaded guilty and waived his right to be present at his SVP evaluation. On August 31, 2015, the Pennsylvania Superior Court affirmed the order denying post-conviction relief. *Commonwealth v. Brady*, 474 EDA 2015, 8/31/15 Super. Ct. Op. at 1.

**LEGAL STANDARD**

In order to seek federal *habeas* relief, a petitioner must first exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State . . ."). To meet this exhaustion requirement, a petitioner must "fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a state court has refused or would refuse to review a claim based on a state procedural rule that is independent of the federal question and adequate to support the judgment, the court may deny that claim as procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729, 731-32 (1991). If procedurally defaulted, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

If a claim has been fully exhausted and not procedurally defaulted, a district court can grant *habeas* relief only if the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). As the Supreme Court has observed, this

3

standard is "difficult to meet and highly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

Under the "contrary to" clause, a state court decision is "contrary to" the Supreme Court's precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The Supreme Court has indicated that this is a rare occurrence, and "a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a [petitioner's] case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Id.* In order to qualify under the "unreasonable application" clause, a state court must have applied the law of the Supreme Court to the facts of a petitioner's case in an objectively unreasonable way. *Id.* at 409. A federal habeas court may not issue the writ simply because it concludes that "the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be *unreasonable*." *Id.* at 411 (emphasis added).

When considering a magistrate judge's report and recommendation after objections are filed, a district court must conduct a *de novo* review of only the contested portions of the R&R. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984); *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, a district judge can rely on the magistrate judge's proposed findings and recommendations to whatever extent the district judge chooses. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

**DISCUSSION**

Instantly, after properly applying the deferential review standard required by AEDPA, the Magistrate Judge recommended that Petitioner's *habeas* petition be denied as meritless. The Magistrate Judge thoroughly addressed each of the claims for relief raised in Petitioner's *habeas corpus* petition, which fell within the general categories of (a) ineffectiveness of counsel and (b) cumulative error. The Magistrate Judge reasonably concluded that Petitioner's right to effective counsel was not violated by either trial counsel's advice to enter a guilty plea or trial counsel's waiver of Petitioner's right to be present during the SVP evaluation and, therefore, there was no cumulative error that prejudiced Petitioner.

In his objections to the R&R, Petitioner asserts that the Magistrate Judge erred: (1) when determining that the state courts properly concluded that his guilty plea was voluntarily and knowingly entered, and that his counsel, Mr. Hoey, had strategic reasons for advising Petitioner to plead guilty; (2) in concluding that Petitioner's claim that counsel used a witness's statement at the last minute to pressure Petitioner into immediately pleading guilty is procedurally defaulted; (3) when determining that the state courts properly concluded that Petitioner's counsel had a tactical reason and was, therefore, not ineffective for waiving Petitioner's constitutional right to be present during the SVP evaluation; and (4) when affirming the state court's finding that there was no cumulative error. Each of Plaintiff's objections will be addressed.[1]

*Ineffectiveness of Counsel Objections*

Petitioner objects to the Magistrate Judge's finding that trial counsel was not ineffective. Specifically, Petitioner argues that the Magistrate Judge erred when he found that neither the

---

[1] Many, if not all, of Petitioner's objections are general in nature and duplicative of the claims and arguments considered and addressed by the Magistrate Judge in his R&R. Though this Court need not apply a *de novo* review to such general objections, *see Goney*, 749 F.2d at 6-7, in the interests of judicial economy, it does so here.

state courts' determination that counsel was not ineffective for advising Petitioner to enter into a guilty plea nor the state courts' determinations that counsel was not ineffective for waiving Petitioner's right to be present and to participate in his SVP evaluation, was contrary to, or an unreasonable application of, clearly established federal law.

### A. Petitioner's Guilty Plea

As to the guilty plea, Petitioner argues that the Magistrate Judge erred in affirming the state courts' determinations that counsel was not ineffective because the plea was voluntarily and knowingly entered, and that counsel had strategic reasons for advising Petitioner to plead guilty. Under the Sixth Amendment, a criminal defendant has a right to a "reasonably competent attorney." *United States v. Cronic*, 446 U.S. 648, 655 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 770 (1970)).[2] To show a violation of this right, a convicted defendant must establish: (1) that counsel's performance was deficient, which requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and (2) that counsel's deficient performance prejudiced the petitioner, which requires showing that counsel's errors "[deprived] the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate that counsel was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. When scrutinizing counsel's performance, a court must be "highly deferential" to counsel's decisions and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Where the

---

[2] Because the decision whether to plead guilty is fundamental in a criminal case, *Jones v. Barnes*, 463 U.S. 745, 751 (1983), counsel "[has] responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires." *Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012).

state court has reviewed and denied an ineffectiveness claim, a *habeas* petitioner must show that the state court's decision was "objectively unreasonable." *Renico v. Lett*, 559 U.S. 766, 773 (2010). In reviewing a *habeas* petition, the federal court must "use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (quoting *Cullen*, 563 U.S. at 190). Unless the defendant establishes both of the elements articulated in *Strickland*, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

Here, the matter was scheduled for a jury trial when the Commonwealth revised its plea agreement offer, which Petitioner accepted. Thereafter, the trial court conducted an extensive guilty plea colloquy during which Petitioner admitted, *inter alia*, to the facts underlying the charges against him. N.T. 9/31/15 at 6-7. He also affirmed that he was "satisfied with Mr. Hoey's advice and services to [him]," that he had a "full, open and frank discussion with [Mr. Hoey] about the case in reaching [his] decision to plead guilty to [the] charges," and that he "had adequate time in reaching [the] decision to discuss with [Mr. Hoey] the entirety of [his] case including the facts of the case, the law that applies to those facts and any possible defenses [he] might have to [the] three charges that [he was] pleading guilty to." *Id.* at 8-9.

During the PCRA hearing, trial counsel, Mr. Hoey, testified that he had conveyed to Petitioner that the decision to plead guilty "was [Petitioner's] decision and his decision alone." N.T. 1/23/15 at 60. Based on the extensive guilty plea colloquy and trial counsel's credible testimony, the PCRA court determined that Petitioner was fully aware of his defenses and rights when he pled guilty, that counsel had not coerced him into pleading guilty and, therefore,

7

Petitioner did not meet his burden of proving that counsel was ineffective.[3] PCRA Ct. Op. at 8-9. Although Petitioner claimed that he had not been truthful when answering questions during his guilty plea proceeding, the PCRA court gave no credit to this testimony and retraction. Instead, the PCRA court credited counsel's testimony that he and Petitioner fully discussed the plea offer and all possible defenses, and that Petitioner was fully aware of his rights prior to accepting the agreement. Further, the PCRA court found that counsel's advice to Petitioner to plead guilty was reasonable. *Id.* at 9 n.8. The Superior Court affirmed the PCRA court's ruling, and agreed that trial counsel was not ineffective because Petitioner voluntarily and knowingly entered his guilty plea. 8/31/15 Super. Ct. Op. at 8. In evaluating the state courts' determinations under AEDPA's deferential standard, the Magistrate Judge concluded that the determinations were neither contrary to nor an unreasonable application of *Strickland*. This Court agrees.

As noted by the Magistrate Judge, this Court must give deference to the state courts' credibility determinations. *See Wainwright v. Witt*, 469 U.S. 412, 428 (1985) (holding that "determinations of demeanor and credibility . . . are peculiarly within a trial judge's province" and are entitled to deference by the reviewing court); *United States v. Kole*, 164 F.3d 164, 177 (3d Cir. 1998) ("Where the record supports a credibility determination, it is not for an appellate court to set it aside."). Despite any pressure Petitioner may have felt from counsel to plead guilty, the record, as reviewed by the state courts, supports a finding that Petitioner made the ultimate choice with full knowledge of his possible defenses and rights, as he affirmed in the

---

[3] Per the Pennsylvania test for ineffectiveness of counsel, a petitioner must prove that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1076 (Pa. 2006). As the Magistrate Judge correctly observes, the Pennsylvania test for ineffectiveness of counsel is essentially the same as that used by federal courts.

guilty plea hearing, and the plea cannot be challenged. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats . . . , misrepresentation . . . , or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business") (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). Under the circumstances in this case, the state courts' decisions that trial counsel was not ineffective, because Petitioner voluntarily and knowingly entered his guilty plea, was objectively reasonable. *See Renico*, 559 U.S. at 773 (holding that a state court's application of federal law must be "objectively unreasonable" for a *habeas* petitioner to prevail).

In addition, consistent with *Strickland*, this Court must be highly deferential when evaluating counsel's performance. Trial counsel expressed various tactical reasons for advising Petitioner to plead guilty,[4] and, therefore, Petitioner cannot overcome the presumption that the challenged action might be considered sound trial strategy. *See Strickland*, 466 U.S. at 689. As such, the Magistrate Judge correctly determined that the state courts' decisions were neither contrary to nor an unreasonable application of *Strickland* because counsel's actions, which were based on a reasonable tactical strategy, did not render him deficient and his performance did not prejudice Petitioner. *See* 28 U.S.C. § 2554(d). Accordingly, Petitioner's objections are overruled.

---

[4] Mr. Hoey's strategic reasons for advising Petitioner to plead guilty were: (1) Mr. Hoey believed that K.L.S.'s assertion to the police that she was paid for cleaning with marijuana and alcohol, and not money, rendered the physical evidence concerning the other cleaning woman less helpful; (2) the Commonwealth's progressive offers of more lenient sentences prompted Mr. Hoey to recommend to Petitioner that he accept the plea deal; and (3) Mr. Hoey believed the available evidence to impeach K.L.S. was "offset" by Petitioner's recorded admissions to K.L.S. N.T. 1/23/15 at 53, 56-57, 76-77.

Petitioner also argues that the Magistrate Judge erred when concluding that Petitioner's claim that trial counsel used a last-minute statement of a witness, Michelle Hunt,[5] to strong arm him into immediately entering into a guilty plea was procedurally defaulted. The basis for this determination rests on the Magistrate Judge's finding that Petitioner failed to exhaust this claim when he did not explicitly raise or brief the issue in his PCRA petition. Petitioner objects and argues that the claim was presented but misinterpreted in state court and, therefore, is not procedurally defaulted. This Court disagrees.

In his PCRA petition, Petitioner argued that his constitutional rights were violated when: (1) "counsel ineffectively advised Petitioner to enter a guilty plea"; and (2) "[counsel] advised Petitioner to immediately plead guilty based upon Michelle Hunt's statement **without requesting a continuance to investigate the newly received evidence**." (*Pet'r's Mot. for Post Conviction Relief*, Aug. 1, 2014) (emphasis added). In support of these claims, Petitioner further argued:

> counsel apparently changed his mind at the last minute about proceeding to trial when he received the statement of Michelle Hunt just prior to court beginning on September 17, 2013. Counsel showed the statement to the Petitioner. Nor did not however [sic] counsel seek a continuance to investigate the veracity of the statement and/or any potential motive Hunt had to incriminate the Petitioner. Counsel made no attempt whatsoever to test the Commonwealth's evidence. **Instead, counsel pressured Petitioner into immediately pleading guilty.**

(*Pet'r's Mem. of Law in Supp. of his Mot. for Post Conviction Relief*, Aug. 1, 2014) (emphasis added).

Though Petitioner made a cursory reference to his current "strong arm" claim, when briefing his claim in state court regarding Ms. Hunt's statement, Petitioner only addressed the

---

[5] Petitioner's counsel received the statement of Ms. Hunt, Petitioner's ex-girlfriend, shortly before the state court trial began on September 17, 2013. (*Pet'r's Mem. of Law in Supp. of his Habeas Corpus Pet.*, 29, Feb. 16, 2016). Neither party provides or explains the contents of the statement.

10

issue of counsel's failure to request a continuance to interview Ms. Hunt. He did not argue, as he does now, that trial counsel was ineffective when counsel used Ms. Hunt's statement to force him into immediately entering into a guilty plea. Petitioner's federal *habeas* claim for ineffective assistance of counsel, due to pressure applied by trial counsel, is not the "substantial equivalent of that presented to the state courts." *Tome v. Stickman*, 167 F. App'x 320, 324 (3d Cir. 2006) (citations omitted); *see Mashore v. Beard*, 173 F. App'x 149, 152 (3d Cir. 2006) (finding a petitioner's state court brief problematic because it "made no argument regarding the claim" and thus found the claim was "not a proper grounds for relief in federal habeas proceeding."); *see also Baldwin*, 541 U.S. at 28 (2004) (discussing that the petitioner's petition was lacking for its failure to "explicitly say that 'ineffective assistance of appellate counsel' refers to a federal claim."). Therefore, this Court agrees with the Magistrate Judge's conclusion that Petitioner's "strong arm" claim is procedurally defaulted.[6]

Even if Petitioner's additional ineffective assistance claim was not procedurally defaulted, it fails for the same reasons previously discussed.[7] Specifically, in light of the state courts' reasonable conclusion that Petitioner's guilty plea was voluntarily and knowingly entered, a conclusion this Court agrees with, Petitioner cannot now establish that his constitutional right to a reasonably competent attorney was violated per *Strickland*. Therefore, this Court is of the opinion, under *Strickland*, that Petitioner's counsel was neither deficient nor

---

[6] In addition, Petitioner has not met his burden to overcome the procedural default here because he has failed to show cause for the default and actual prejudice, or that a fundamental miscarriage of justice would result from failure to consider the claim. *See Coleman*, 501 U.S. at 750.

[7] A district court may address the merits of a procedurally defaulted and, thus, unexhausted claim if the claim is to be denied. *See* 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997) ("Judicial economy might counsel giving the [merits] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."); *see also Woods v. Lamas*, 531 F. App'x 96, 99 (3d Cir. 2015) (evaluating a petition on the merits regardless of whether the petitioner procedurally defaulted the claims).

did counsel's performance prejudice Petitioner. Under the circumstances, Petitioner's "strong arm" claim is without merit.

### B. *Petitioner's Waiver of Right to be Present During SVP Expert Evaluation*

Petitioner objects to the Magistrate Judge's determinations regarding his SVP evaluation. Petitioner claims that trial counsel was ineffective for waiving Petitioner's right to be present during the SVP evaluation. Petitioner objects to the Magistrate Judge's findings that: (1) the claim is not cognizable on federal *habeas* review because it was not cognizable under state law; (2) the claim is not cognizable because there is no constitutional right to counsel at SVP evaluations and hearings; and (3) trial counsel had a tactical reason for waiving Petitioner's constitutional right to be present during the SVP evaluation and, therefore, was not ineffective. Having reviewed each of the objections, this Court finds that the Magistrate Judge's conclusions are sound.

As discussed in the R&R, the Superior Court held, consistent with the holding in *Commonwealth v. Masker*, 34 A.3d 841, 842 (Pa. Super. 2011), that Petitioner's claim pertaining to the SVP evaluation was non-cognizable under the PCRA. Super. Ct. Op. at 9. The *Masker* court held that a claim that challenges the effectiveness of counsel with respect to the method by which defendant was determined to be an SVP is not cognizable under the PCRA. *Masker*, 34 A.3d at 842. Agreeing with this holding, the Magistrate Judge correctly determined that Petitioner's claim is not cognizable on federal *habeas* review because the Superior Court rendered a decision under state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."). As such, Petitioner's SVP claim is not a cognizable claim for *habeas* review. In

addition, the claim is also non-cognizable because there is no constitutional right to counsel at SVP evaluations and hearings.[8]

In addition, trial counsel's waiver of Petitioner's right to be present at the SVP evaluation was neither contrary to nor an unreasonable application of *Strickland*. As stated in the R&R, the state courts reasonably found that trial counsel had obtained Petitioner's consent to waive his right to be present at the SVP evaluation and had provided strategic reasons for doing so.[9] The PCRA court found trial counsel's testimony that he and Petitioner discussed Petitioner's participation in the SVP evaluation to be credible, and concluded that counsel had Petitioner's consent to waive Petitioner's appearance at the evaluation. PCRA Ct. Op. at 11. The PCRA court accepted counsel's sound trial strategy in that counsel believed that "submitting Defendant to an evaluation during which he was going to deny his guilt would have had a negative impact on the results of Defendant's evaluation." PCRA Ct. Op. at 11. Petitioner had expressed to counsel his intention to state at the evaluation that he did not have sex with K.L.S. PCRA Ct. Op. at 11. Counsel concluded that this denial of guilt would indicate a refusal to accept responsibility and show an inability to be rehabilitated. PCRA Ct. Op. at 11. This Court agrees that the state courts' findings are reasonable and, therefore, trial counsel could not be considered ineffective for waiving Petitioner's presence under either prong of the *Strickland* test.

---

[8] Because SVP proceedings are civil in nature, the Sixth Amendment does not guarantee counsel because the amendment only applies to "critical stages of the *criminal* proceedings." *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (emphasis added); *see also Kansas v. Hendricks*, 521 U.S. 346, 361 (1997) (rejecting defendant's argument that Kansas's Sexually Violent Predator Act established criminal proceedings).

[9] The PCRA court observed that while Petitioner had "a right to participate in the [SVP] evaluation and that waiver of this right without consent [had] arguable merit," since counsel had a reasonable basis for waiving Petitioner's right to appear at the SVP evaluation, Petitioner did not meet his burden of showing counsel provided ineffective assistance. PCRA Ct. Op. at 10-11.

*Claim of Cumulative Error*

Petitioner's next objection asserts a separate claim of cumulative error based on all of his *habeas* claims. "[E]rrors that individually do not warrant *habeas* relief may do so when combined." *Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007) (citing *Marshall v. Hendricks*, 307 F.3d 36, 94 (3d Cir. 2002)). However, a petitioner must show "actual prejudice" in order to obtain relief based on cumulative errors. *Id.* (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The state courts denied Petitioner's cumulative error claim finding that there was no cumulative prejudice because counsel had not been deficient. PCRA Ct. Op. at 13-14; Super. Ct. Op. at 10. As set forth above, this Court finds that the state courts' decisions as to the effectiveness of Petitioner's counsel were neither contrary to nor an unreasonable application of *Strickland*. Since Petitioner has not shown that trial counsel was ineffective or that he was prejudiced by his representation, Petitioner's cumulative error claim is without merit.

## CONCLUSION

Having carefully re-examined Petitioner's claims and objections, this Court finds that each is without merit. In particular, the state courts' determinations that counsel was not ineffective were not contrary to or an unreasonable application of *Strickland*. Accordingly, for the reasons stated herein, Petitioner's objections to the *Report and Recommendation* are overruled. Consequently, the R&R is approved and adopted, and the petition for a writ of *habeas corpus* is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.